IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-01860-JLK**

**BARBARA A. PATTON f/k/a BARBARA A. PHIPERS**,

    Plaintiff,

v.

**THE DENVER POST CORPORATION and THE DENVER POST-DENVER GUILD PENSION PLAN,**

    Defendants.

_____

ORDER ON MOTION FOR SUPPLEMENTAL DECLARATORY RELIEF
IN THE FORM OF ATTORNEY FEES UNDER 28 U.S.C. § 2202
_____

KANE, J.

In a case of first impression in this circuit, Plaintiff filed this declaratory judgment action seeking a determination that a state domestic relations order granting her survivor benefits in her former husband's pension plan was a "qualified domestic relations order" (QDRO) under ERISA. On cross motions for summary judgment, I found that it was and agreed with Plaintiff that the ERISA Plan Administrator was required to recognize her interest in the Plan as her husband's surviving spouse. *Patton v. Denver Post Corp.*, 179 F. Supp.2d 1232 (D. Colo. 2002). The Tenth Circuit affirmed, *see Patton v. Denver Post Corp.*, 326 F.3d 1148 (10th Cir. 2003), and the matter is before me now on Plaintiff's Motion for Attorney Fees.

Plaintiff seeks an award of fees as the prevailing party in an ERISA action, but, because she filed her action as a request for declaratory judgment, postures her motion as a request for supplemental declaratory relief under 28 U.S.C. § 2202. Defendants assert a direct request for fees under ERISA would be time-barred, and argue Plaintiff should not be permitted to avoid the preclusive effect of that untimeliness with a creative return to the Declaratory Judgment Act. After careful consideration of all the briefs and legal authority for and against the parties' positions, and without making any determination as to the timeliness or untimeliness of Plaintiff's request under either ERISA or § 2202, I deny Plaintiff's Motion for Attorney Fees as Supplemental Declaratory Relief.

### *Discussion.*

Under Section 1 of the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court may, upon the filing of an appropriate pleading, declare the legal relations of interested parties, and the declaration entered has the force and effect of a final judgment or decree. *Security Ins. Co. of New Haven v. White,* 236 F.2d 215, 220 (10th Cir. 1956). Under § 2202, the court may grant "further necessary or proper relief based on a declaratory judgment, after notice and hearing." *Id.* While it is not the primary function of the court in a declaratory judgment proceeding to award damages, the grant of power contained in section 2 of the act is broad enough to vest the court with

jurisdiction to award damages "where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding." *Id.* (citations omitted). Even assuming for the sake of argument that Patton's request for further relief under § 2202 were timely, her assertion that her fees were an element of "damages," or were "necessary" to effectuate the relief that had been granted her in the declaration of her rights under ERISA, is not well taken.

Under the "American Rule" regarding attorney fees, a prevailing party is ordinarily not entitled to attorney fees from the loser. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). While attorney fees can be awarded if their recovery is authorized by statute or contract, § 2202 cannot reasonably be read to authorize them to a litigant solely on the grounds that she is a prevailing party. Absent an additional assertion or showing that a fee award is somehow necessary to *effectuate* relief that has already been granted under § 2201, it is not "further necessary or proper relief" under § 2202.

The authorities cited by Patton in her briefs compel no contrary result. In *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir. 1993), for example, the Tenth Circuit affirmed an award of fees as "further necessary relief" under § 2202 because the fees were incurred in a second set of proceedings – not the original proceedings – initiated by a trust beneficiary and because the proceedings had been deemed

necessary to effectuate the original relief ordered. Based on the trial court's finding that "[t]he attorneys' [sic] fees paid by plaintiff were extraordinary expenses which, if not at least partially reimbursed to her, would cause plaintiff to receive less than an amount sufficient to insure [her] an adequate living as intended by the testator," the Tenth Circuit upheld its award of fees under § 2202. And while the Court in its 1956 *Security Insurance* decision did, in a sense, affirm an application of § 2202 to shift the burden of paying attorney fees from the prevailing party to the losing party, it did so under circumstances (1) where it took pains to distinguish an award of fees to the prevailing party qua prevailing party and characterized the award as one for "damages" necessary to effectuate the underlying declaratory relief; and (2) where the fees had, indeed, been determined by the trial court to have been an element of "damages." 236 F.2d at 220. No such determination has or could be made in the instant case.

That is not to say that attorney fees may never be appropriately awarded to a prevailing party as "further necessary relief" under § 2202. It is often the case that an insured is forced by a denial of her legitimate claim to spend more to enforce her rights than she would expect to receive in payment. Examples of the inadequacies of processes that leave claimants and insureds generally to the mercies of hypertechnical benefits administrators are rife. Where it is revealed in an action under § 2202 that the expenditure of fees was, in fact, necessary to secure relief that should never,

4

legitimately, have been denied, there may be grounds under *Security Insurance* (or other authority, including 28 U.S.C. § 1927) for awarding the claimant those fees as having been necessarily incurred to enforce what has then been declared to have been her rights.  Here, where Plaintiff's original claim raised a novel question of law – the denial of which cannot therefore be said to have been illegitimate or obdurate litigation for litigation's sake – this caveat does not apply.  Ms. Patton received the benefit she was due under the original declaration of her rights and no "further" proceeding was necessary to enforce them.

Because I do not interpret even the broad discretion to effectuate "further necessary relief" under § 2202 to encompass the award of attorney fees incurred by the prevailing party in obtaining the original favorable declaration absent evidence that defendant's objection to that relief was frivolous or otherwise illegitimate, I DENY Plaintiff's Motion for Attorney Fees in this case.

Dated July 26, 2005                                         **s/John L. Kane**
                                                            SENIOR U.S. DISTRICT JUDGE